IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF MARYLAND

| | | |
|---|---|---|
| ALBERT KLAIREN | * | |
| PLAINTIFF | * | CASE NO.: 03CV390 |
| v. | * | |
| | * | |
| COMCAST CABLE COMMUNICATIONS, INC. | * | |
| DEFENDANT | * | |

\*          \*          \*          \*          \*

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ADD PARTY AND REPLY MEMORANDUM OF LAW TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant, Comcast Cable Communications, Inc., hereby files this Reply Memorandum of Law in support of their Motion to Dismiss for Want of Proper Party.

The Defendant has moved to dismiss the instant complaint against them for failure to join an Indispensable Party. In support of this motion, the Defendant submitted an affidavit by Fran Stotsky, Human Resources Director for Comcast Cablevision of Maryland, Inc.. The affidavit evidences the non-existence of the Defendant, Comcast Cable Communications, Inc., (hereinafter "CCCI") in this jurisdiction. Moreover, CCCI has insufficient minimum contacts with the State of Maryland to support specific or general jurisdiction over it.

Notwithstanding the Plaintiff's lengthy affidavit in support of its opposition, most of which is irrelevant to the procedural issues at hand, company letterhead alone is not enough to establish minimum sufficient contacts to confer jurisdiction over the current Defendant. By Klairen's own admissions, his W-2 names an entity which is not a part of this current law suit,

"Comcast Cablevision Willow Grv", nor does he allege that this entity committed the violations stated in the Plaintiff's complaint. If, as in this situation, personal jurisdiction is lacking and an improper party has been named, dismissal with leave to amend to add the local operating Baltimore County subsidiary is the appropriate remedy.

Further, the Plaintiff asks the court to deny the instant Motion based solely on an affidavit by the Plaintiff, which alleges that which was previously stated in his complaint. The Plaintiff's argument is flawed because the Plaintiff has the burden to support the jurisdictional allegations in his Complaint. He can not avoid dismissal by simply reiterating the allegations in his Complaint. He has failed to show why the Comcast Defendant should not be dismissed from this action.

The Plaintiff cites no authority that based solely on the name appearing on a letterhead or on a W-2 form that jurisdiction is proper and the correct party has been joined to the action. Nothing in the Plaintiff's argument supports their theory that CCCI is the correct entity and thus should be responsible for the actions of its subsidiary. There are no allegations or arguments advanced by the Plaintiff of integration of enterprise. Moreover, the isolation and limitation of liability among related entities is a long recognized premise in the law, and only under "extraordinary circumstances" will a parent company be found to be the employer of its subsidiary's employees. See, e.g. Frank v. U.S. West, Inc., 3 F.3d 1357, 1362 (10th Cir. 1993)(parent corporation was not held liable for its subsidiaries' actions in employment discrimination action). The proper party-Defendant, the local operating Comcast subsidiary, must be joined given that the Plaintiff has failed to show any circumstances, let alone "extraordinary" ones, that would permit other entities from serving in the place of Klairen's employer in that entity's absence from this litigation.

Accordingly, the Court should dismiss Comcast Cable Communications, Inc., for lack of personal jurisdiction.  Additionally, the Court should dismiss the Complaint for the failure to join an indispensable party or should join the above-referenced Comcast subsidiary as a Defendant in this action and dismiss out the current Defendant.

WHEREFORE, for the reasons stated in their memoranda, Defendant Comcast Cable Communications, Inc. respectfully requests that this Court dismiss this instant action for want of proper party and lack of personal jurisdiction, or alternatively, order joinder of the Baltimore County subsidiary as a Defendant in this action.

Respectfully Submitted,

_____/S/ _____
Ari J. Kodeck
Bar No.: 24920
NED S. KODECK, CHARTERED
8 Reservoir Circle Suite 203
Baltimore Md 21208
410 486 4774

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2003, I mailed a copy of this reply to Alan Lescht, Esq at 1050 17th Street, N.W., Suite 220, Washington, D.C. 20036, Attorney for Plaintiff.

_____/S/_____
Ari J. Kodeck