UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Albert Klairen | * | JURY TRIAL DEMANDED |
| 2110 St. Paul St., Apt. 1 | * | |
| Balt., Md. 20785 | * | |
| Balt. County | * | Civ. Action No. CCB-03-390 |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Comcast Cablevision of Maryland, | * | |
| Inc. | * | |
| 8110 Corporate Place | * | |
| White Marsh, MD 21236 | * | |
| Balt. County | * | |
| | * | |
| Defendant. | * | |

Deleted: Comcast Cable Communications,
Deleted: *
Deleted: .
Deleted: Cable Communications

## AMENDED COMPLAINT

Plaintiff, by counsel, complains of Defendant as follows:

### PARTIES

1. Plaintiff Albert Klairen resides at 2110 St. Paul St., Apt. 1, Balt., MD 21110.

2. On information and belief, defendant Comcast Cablevision of Maryland, Inc. is a corporation that has offices located at 8110 Corporate Place, White Marsh, Md 21236 and employs more than 50-people.

### VENUE AND JURISDICTION

3. This Court has federal question jurisdiction under 28 U.S.C. Section 1331.

4. Venue is proper in this District because Defendant formerly employed Plaintiff here.

### FACTS

5. Plaintiff began working for Defendant in March 2000.

6. Plaintiff suffers from refractory migraine syndrome.

7. On or about December 12, 2001, defendant approved Plaintiff's request to take intermittent medical leave under the Family and Medical Leave Act because of migraines.

8. Plaintiff was eligible for the benefits of the Family and Medical Leave Act at that time because he had worked more than 1250 hours for Defendant in the preceding twelve months.

9. Plaintiff took medical leave under the Family and Medical Leave Act from on or about January 7, 2001, through and including on or about February 25, 2001, when Plaintiff returned to work.

10. Plaintiff requested medical leave under the Family and Medical Leave Act again for his migraine condition on or about April 28, 2002 and submitted a medical certification for his request.

11. Plaintiff began medical leave under the Family and Medical Leave Act again on or about April 30, 2002.

12. Defendant terminated Plaintiff's employment on June 21, 2002 and stated that the reason for terminating employment was "we are not able to determine if you are eligible for Family and Medical Leave because the medicals you supplied do not indicate sufficient information to explain a leave of absence from April 30, 2002."

13. FMLA regulation 29 CFR 825.305(d) states that an "employer shall advise an employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiency."

14. Defendant violated the Family and Medical Leave Act because it notified Plaintiff that his employment was terminated at the same time as it informed him that the certification was incomplete.

15. FMLA regulation 29 CFR 825.307 states that if an employer questions the adequacy of a medical certification, it may contact the health care provider, with the employee's permission, for purposes of clarification.  It also states that an employer who has reason to doubt the validity of a medical certification may require the employee to obtain a second opinion at the employer's expense, and that pending receipt of the second opinion, the employee is provisionally entitled to the benefits of the Act.

16. Defendant violated the Family and Medical Leave Act because it did not seek clarification from the health care provider and did not request that Plaintiff obtain a second opinion.

17. Plaintiff has sustained damages as a result of the unlawful acts of Defendant consisting of lost pay, lost front pay, and lost benefits.

COUNT 1

18. Plaintiff repeats and realleges paragraphs 1-17 as if more fully set forth herein.

19. By and through its conduct, Defendant willfully violated Family and Medical Leave Act by terminating Plaintiff's employment.

20. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff requests judgment on Count 1 and damages consisting of lost pay, lost benefits, front pay, liquidated damages, interest, costs, attorney's fees,

an amount equal to the tax on any award, and such other relief as the Court deems just and fair.

Date: May 19, 2003                                                          **Deleted:** February 7

al12928
_____
Alan Lescht, Esq. (92128)
Alan Lescht & Associates, P.C.
1050 17th Street, N.W., Suite 220
Washington, D.C. 20036
(202) 463-6036
Attorneys for Plaintiff